

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: |
| § | 3:18-cr-628-MGL-2 |
| JENNIFER LOGAN, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

### I.  INTRODUCTION

Pending before the Court is Defendant Jennifer Logan's (Logan) motion for compassionate release.  Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court Logan's motion for compassionate release will be denied.

### II.  FACTUAL AND PROCEDURAL HISTORY

Logan pled guilty to conspiracy to possess with intent to distribute a quantity of methamphetamine or a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (the drug count), as well as using and carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (the firearm count).

Judge Childs sentenced her to 120 months imprisonment on the drug count and sixty months imprisonment on the firearm count, to run consecutively, followed by a five-year term of supervised release as to each count, to run concurrently.

Logan suffers from multiple medical conditions, including recovery from prior surgical procedures, lupus, gastroparesis, hypertension, chronic obstructive pulmonary disease, sleep apnea and dyspnea, severe asthma, recurrent bronchitis, hemoptysis, arterial fibrillation, depression, post-traumatic stress disorder, anxiety, gastroesophageal reflux disease and esophagitis, rectal bleeding and unspecified intestinal disease, chronic pain, migraines, a prior COVID-19 infection, and psoriasis and eczema. Many of her health issues began before her period of incarceration.

Logan is currently housed at Federal Correctional Institution Tallahassee with a projected release date of May 23, 2031.

While in prison, Logan has been hospitalized twice, once in June 2019 and again in June 2022. In October 2022, Logan was provided with a CPAP machine to assist with her breathing.

During her incarceration, Logan completed a GED program, drug and alcohol treatment courses, anger management, and trade classes. And, she started a crochet ministry creating hats and blankets for cancer patients and babies. Upon her release, she states she intends to help with counseling drug addicts.

On the other hand, she has also been sanctioned for introduction of drugs and/or alcohol while incarcerated. This is classified by the Bureau of Prisons (BOP) as a 100-level violation, which includes the most serious offenses. This violation resulted in the loss of forty-one days of good conduct time, fifteen days of disciplinary segregation, and six months of lost visiting privileges.

Logan previously filed a pro se motion for compassionate release, which Judge Childs denied without prejudice. After Logan, represented by counsel, filed the instant motion, the Clerk's Office reassigned the matter to the undersigned Judge. The government subsequently responded. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

Upon a defendant's motion, the Court may reduce a term of imprisonment if the defendant has exhausted her administrative remedies and "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

When deciding whether to reduce a defendant's sentence under Section 3582(c)(1)(A)(i), a district court generally proceeds in three steps. *United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the Court determines whether "extraordinary and compelling reasons" exist to support a sentence reduction. *Id.* at 185 (quoting § 3582(c)(1)(A)(i)).

Second, the Court considers whether "a [sentence] reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But, because there is "as of now no 'applicable' policy statement governing compassionate-release motions filed by defendants under the recently amended § 3582(c)(1)(A), . . . district courts are empowered to consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) (internal alterations and citations omitted).

Finally, even if the Court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *High*, 997 F.3d at 186.

## IV.     DISCUSSION AND ANALYSIS

As an initial matter, Logan has exhausted her administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A) (explaining a Defendant may bring a motion for compassionate release only after she has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"). The Court thus turns to the merits of her motion.

### A.     *Whether Logan presents extraordinary and compelling reasons warranting a reduction of her sentence under 18 U.S.C. § 3582(c)*

Logan posits the Court should grant compassionate release because of her health conditions and the failure of the BOP to provide adequate medical care. On the other hand, the government argues Logan has failed to demonstrate that her health conditions are unmanaged by the BOP.

The Sentence Commission has issued a policy statement explaining extraordinary and compelling reasons for compassionate release. This policy statement applies only to compassionate release motions brought by the BOP. *McCoy*, 981 F.3d at 281. Nevertheless, it is "helpful guidance" in evaluating defendant-filed motions, particularly those premised on medical conditions. *High*, 997 F.3d at 186.

Under the policy statement, a medical condition is extraordinary and compelling when the defendant has been diagnosed with a terminal illness; she suffers from a serious physical, medical, cognitive, or functional impairment; or she is experiencing a decline in her mental or physical

4

health due to the aging process.  U.S.S.G. § 1B1.13 app. note 1(A)(i)-(ii).  Additionally, the defendant must show evidence that her medical conditions "substantially diminish [her] ability . . . to provide self-care within the environment of a correctional facility and from which [she] is not expected to recover."  U.S.S.G. § 1B1.13, cmt. n.1(A).

Logan provides a list of diagnosed medical conditions and medications received to treat those ailments while in the BOP.  But, she fails to explain how these general diagnoses rise to the level of a serious medical condition that substantially diminishes her ability to provide self-care.  Nor has she demonstrated how her medical conditions interfere with her quality of life.  Without providing context or details, she makes generalized and unsupported claims that her health issues have continued to plague her, and that her overall health has deteriorated significantly.

Next, Logan attempts to support her argument by referencing two instances when she was hospitalized during her incarceration.  Although the Court is sympathetic to these separate incidents, Logan fails to explain the significance of these hospitalizations and whether these issues were resolved.

Further, Logan fails to provide any evidence showing that the Bureau of Prisons is unable to treat her conditions.  For example, she neglects to explain how the list of medications provided are insufficient to treat her conditions, or how she might receive improved care upon release.  Accordingly, Logan has failed to convince the Court that her numerous medical conditions prevent her from providing self-care while incarcerated.

Even outside of the policy statement, Logan has neglected to demonstrate extraordinary and compelling reasons that convince the Court that compassionate release is appropriate.  Unfortunately, many inmates suffer from medical conditions, which fail to, by themselves, overcome the need for incarceration.   And besides, as the Court noted above, many of Logan's

health issues began before her period of incarceration. Judge Childs was aware of many of them when she sentenced Logan.

Although the Court is sympathetic to Logan's health struggles, the Court thus determines she has failed to present extraordinary and compelling reasons for her release.

### B.     *Whether the Section 3553(a) factors weigh in favor of release*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would preclude release. *See* 18 U.S.C. § 3582(c)(1)(A) (the Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes by the defendant;
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Logan pled guilty to conspiracy to possess with intent to distribute a quantity of methamphetamine or a mixture or substance containing methamphetamine and using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime. These are both serious offenses.

6

She was found at least on one occasion with multiple firearms. And, a cooperator told law enforcement that Logan was "the top dog" for methamphetamine distribution in the area. Presentence Report ¶ 28.

Moreover, her lengthy criminal history, which includes several instances of narcotics violations, grand larceny, forgery, and shoplifting, resulted in the Court assigning a criminal history category of IV at sentencing.

Additionally, as described above, Logan was sanctioned in the BOP for the introduction of drugs or alcohol, a serious violation. And, although the Court commends Logan for her efforts toward rehabilitation, such strides fail to warrant a sentence reduction. The Court nevertheless encourages Logan to continue to take part in programming the BOP has to offer.

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. Her current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of her offense, and is a just punishment in this case. It creates no unwarranted disparity. The Court will therefore deny Logan's motion for compassionate release.

### V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Logan's motion for compassionate release, ECF No. 916, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 10th day of August 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE
