

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 3:18-628-MGL-2 |
| | § |
| JENNIFER LOGAN, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S THIRD MOTION FOR COMPASSIONATE RELEASE
AND DEEMING AS MOOT REQUEST FOR APPOINTMENT OF COUNSEL**

## I.   INTRODUCTION

Pending before the Court is Defendant Jennifer Logan's (Logan) third motion for compassionate release and request for appointment of counsel.  Having carefully considered the motion, the request, the response, the record, and the applicable law, it is the judgment of the Court Logan's third motion for compassionate release will be denied and her request for appointment of counsel will be deemed as moot.

## II.   FACTUAL AND PROCEDURAL HISTORY

Logan pled guilty to conspiracy to possess with intent to distribute a quantity of methamphetamine or a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (the drug count), as well as using and carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (the firearm count).

Judge Childs sentenced her to 120 months imprisonment on the drug count and sixty months imprisonment on the firearm count, to run consecutively, followed by a five-year term of supervised release as to each count, to run concurrently.

Logan alleges she suffers from multiple medical conditions, including recovery from prior surgical procedures, gastroparesis, hypertension, chronic obstructive pulmonary disease, sleep apnea and dyspnea, severe asthma, recurrent bronchitis, hemoptysis, arterial fibrillation, depression, post-traumatic stress disorder, anxiety, gastroesophageal reflux disease and esophagitis, rectal bleeding and unspecified intestinal disease, chronic pain, migraines, a prior COVID-19 infection, and psoriasis and eczema. She also suffers from an ulcer. Many of her health issues began before her period of incarceration.

Although Logan states she also suffers from lupus, the government has submitted medical records showing this was a misdiagnosis doctors have since rescinded.

Logan is currently housed at Federal Correctional Institution Tallahassee (FCI Tallahassee) with a projected release date of May 23, 2031. She has served approximately five years and nine months of her sentence so far.

While in prison, Logan has been hospitalized twice, once in June 2019 and again in June 2022. In October 2022, Logan was provided with a CPAP machine to assist with her sleep apnea.

As Logan stated in her previous motions, during her incarceration, she has completed a GED program, drug and alcohol treatment courses, anger management, and trade classes. And, she started a crochet ministry creating hats and blankets for cancer patients and babies. Upon her release, she states she intends to help with counseling drug addicts.

On the other hand, she has also been sanctioned for introduction of drugs and/or alcohol while incarcerated. This is classified by the Bureau of Prisons (BOP) as a 100-level violation,

which includes the most serious offenses. This violation resulted in the loss of forty-one days of good conduct time, fifteen days of disciplinary segregation, and six months of lost visiting privileges.

Logan previously filed a pro se motion for compassionate release, which Judge Childs denied without prejudice. Afterward, Logan, represented by counsel, filed her second motion. At that time, the Clerk's Office reassigned the matter to the undersigned Judge. The government subsequently responded, and the Court ultimately denied the motion. Finally, Logan filed the instant motion and request. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion and request.

### III.   STANDARD OF REVIEW

After a defendant has exhausted her administrative remedies, the Court may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must consider whether the extraordinary and compelling reasons are "consistent with applicable policy statements issued by the Sentencing Commission[.]" *Id.* § 3582(c)(1)(A). As of November 1, 2023, United States Sentencing Guideline (U.S.S.G) § 1B1.13 contains the applicable policy statement.

Section 1B1.13 now identifies six circumstances that, individually or in combination, may provide "extraordinary and compelling reasons" for a reduction in sentence: (1) certain medical circumstances of the defendant; (2) the defendant's age and conditions related to his age; (3) the defendant's family circumstances; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, (5) "any other circumstances or combination of circumstances . . . similar in gravity to" the enumerated

circumstances; and (6) the defendant received an "unusually long sentence[.]" U.S.S.G. § 1B1.13(b).

Finally, even if the Court finds extraordinary and compelling reasons to support relief, it retains the discretion to deny a defendant's motion after balancing the applicable 18 U.S.C. § 3553(a) factors. *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021).

## IV.    DISCUSSION AND ANALYSIS

As an initial matter, Logan has exhausted her administrative remedies. The Court thus turns to the merits of her motion.

### *A.    Whether Logan presents extraordinary and compelling reasons warranting a reduction of her sentence under 18 U.S.C. § 3582(c)*

#### *1.    Whether Logan has presented extraordinary and compelling reasons based on her medical conditions*

Logan posits the Court should grant compassionate release because of her health conditions and lack of adequate medical care. On the other hand, the government argues Logan misrepresents the seriousness of her ailments.

Under U.S.S.G. § 1B1.13, extraordinary and compelling reasons for a reduction in sentence exist with respect to a medical condition when either the defendant is suffering from a terminal illness—defined as a serious and advanced illness with an end of life trajectory—or from a serious condition or impairment that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility[.]" U.S.S.G. § 1B1.13(b)(1).

Logan posits lupus is a terminal illness. The government attaches medical records and a declaration from Logan's doctor stating doctors initially misdiagnosed Logan with lupus based on her symptoms, but removed the diagnosis after additional testing. Thus, thankfully, Logan is

without lupus. Even if lupus is a terminal disease, therefore, Logan is ineligible for relief based on her incorrect diagnosis.

Logan also provides a list of other diagnosed medical conditions. But, she fails to explain how these general diagnoses are either terminal or rise to the level of a serious medical condition that substantially diminishes her ability to provide self-care. Without providing context or details, she makes generalized and unsupported claims her health issues have continued to plague her, and her overall health has deteriorated significantly.

Additionally, Logan states her BOP doctors refuse to hospitalize her when necessary. She avers this sometimes results in her choking on her own blood.

Logan's records, however, show her ulcer, which causes her to spit up blood, is being treated by the BOP. She is expected to make a full recovery and would fail to receive any different treatment if she were released.

Although the Court is sympathetic to Logan's health struggles, the Court thus determines she has failed to present extraordinary and compelling reasons for her release based on this argument.

### 2. *Whether Logan has presented extraordinary and compelling reasons based on prison conditions*

Logan avers the conditions she must endure at her facility constitute extraordinary and compelling reasons for her release. The government contends she has failed to meet her burden.

She maintains the living conditions at her facility are "deplorable[.]" Brief Attached to Motion at 3. She describes leaks and mold in the ceiling.

Because prison conditions are unlisted in the policy statement, Logan must show they are "any other circumstances or combination of circumstances . . . similar in gravity to" the enumerated circumstances listed above.

The Court is quite concerned about the conditions Logan alleges. The proper method to address these issues, however, is through a civil suit. *Cf. Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (explaining challenge to inhumane prison conditions is cognizable in civil cause of action).

The Court is unable to determine, based on mere allegations, the conditions at FCI Tallahassee warrant a finding of extraordinary and compelling reasons here. Such a finding would have a sweeping impact the Court finds to be premature and outside its purview in this case.

### 3.   *Whether Logan has presented extraordinary and compelling reasons based on an unusually long sentence*

Finally, Logan argues her conviction of the firearm count is now invalid due to a change in the law. The government insists she is ineligible for such relief.

The guidelines have been amended to specify, except when concerning an "unusually long sentence," "a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement." U.S.S.G. § 1B1.13(c).

In the case of an unusually long sentence, the defendant must have served at least ten years, and the change in law must "produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed[.]" *Id.* § 1B1.13(b)(6).

Here, as the Court stated above, Logan has served approximately five years and nine months of her sentence so far. She has thus served fewer than ten years. Even assuming the law has changed in Logan's favor, therefore, she has failed to show extraordinary and compelling reasons under this argument, too.

### B.   *Whether the Section 3553(a) factors weigh in favor of release*

Even if the Court determined extraordinary and compelling circumstances exist in this case, analysis of the Section 3553(a) factors would preclude release. *See* 18 U.S.C. § 3582(c)(1)(A) (the

6

Court may grant compassionate release only "after considering the factors set forth in section 3553(a) to the extent that they are applicable[.]").  These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) "the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes by the defendant;
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for [the offense] . . .
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Logan pled guilty to conspiracy to possess with intent to distribute a quantity of methamphetamine or a mixture or substance containing methamphetamine and using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime.  These are both serious offenses.

She was found at least on one occasion with multiple firearms.  And, a cooperator told law enforcement Logan was "the top dog" for methamphetamine distribution in the area.  Presentence Report ¶ 28.

Moreover, her lengthy criminal history, which includes several instances of narcotics violations, grand larceny, forgery, and shoplifting, resulted in the Court assigning a criminal history category of IV at sentencing.

7

Additionally, as described above, Logan was sanctioned in the BOP for the introduction of drugs or alcohol, a serious violation. *See United States v. Centeno-Morales*, 90 F.4th 274, 280 (4th Cir. 2024) (reasoning the Court should consider arguments related to post-conviction conduct when deciding a compassionate release motion).

And, although the Court commends Logan for her efforts toward rehabilitation, such strides fail to warrant a sentence reduction. The Court nevertheless encourages Logan to continue to take part in programming the BOP has to offer.

Considering the balance of the factors, therefore, the Court determines a reduced sentence is inappropriate. Her current sentence is sufficient, but no longer than necessary, to promote respect for the law, provide adequate deterrence, reflect the seriousness of her offense, and is a just punishment in this case. It creates no unwarranted disparity. The Court will therefore deny Logan's motion for compassionate release.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Logan's motion for compassionate release, ECF No. 1043, is **DENIED**. And as the Court has ruled on the motion for compassionate release, Logan's request to appoint counsel, *id.*, is **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 24th day of April 2024, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE