

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § Criminal Action No.: 3:18-628-MGL-2 |
| | § |
| JENNIFER LOGAN, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

## I.    INTRODUCTION

Pending before the Court is Defendant Jennifer Logan's (Logan) motion for reconsideration, in which she challenges the Court's order denying her motion for compassionate release. Having carefully considered the motion, the response, the record, and the applicable law, it is the judgment of the Court the motion for reconsideration will be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

Pursuant to a written plea agreement, Logan pled guilty to conspiracy to possess with intent to distribute fifty grams or more of methamphetamine or 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One), as well as using or carrying a firearm during and in relation to, or possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Seventeen).

At sentencing, Logan received a total offense level of thirty-three and a criminal history category of IV. Together, this meant Logan's Guideline range was 188 to 235 months as to Count One and sixty months as to Count 17, to run consecutively. The Court, however, granted a variance and sentenced Logan to a total of 180 months of imprisonment, to be followed by five years of supervised release.

Logan thereafter filed a motion for compassionate release, claiming her medical conditions, the conditions at her facility, and the length of her sentence constituted extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). On April 24, 2024, the Court denied the motion.

Logan filed this motion for reconsideration on February 10, 2025. In it, she asks the Court to reduce her sentence based on her rehabilitation while incarcerated. The government responded, but Logan failed to reply. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

### III.  STANDARD OF REVIEW

The Federal Rules of Criminal Procedure lack any guidance on motions for reconsideration. Accordingly, courts look to the rules governing civil cases as a substantive guidepost. *See United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, 'motions to reconsider in criminal prosecutions are proper.'" (quoting *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010))).

Federal Rule of Civil Procedure 60(b) allows the Court to grant relief from judgment because of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence;

fraud; a void, satisfied, released, or discharged judgment; or for any other reason that justifies relief. Fed. R. Civ. P. 60(b). Generally, "[a] motion under Rule 60(b) must be made within a reasonable time." If, however, the motion is based upon mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; or fraud, it must be made "no more than a year after the entry or the judgment . . . ." *Id.* at 60(c)(1).

"To obtain relief from a judgment under Rule 60(b), a moving party must first show (1) that the motion is timely, (2) that he has a meritorious claim or defense, and (3) that the opposing party will not suffer unfair prejudice if the judgment is set aside." *United States v. Welsh*, 879 F.3d 530, 533 (4th Cir. 2018) (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). Other cases also require a showing of exceptional circumstances. *Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC*, 859 F.3d 295, 299 (4th Cir. 2017). Such relief is an "extraordinary remedy" that sets aside "the sanctity of [a] final judgment[.]" *Compton v. Alton S.S. Co.*, 608 F.2d 96, 102 (4th Cir. 1979) (quoting *Bankers Mortg. Co. v. United States*, 423 F.2d 73, 77 (5th Cir. 1970)).

**IV.    DISCUSSION AND ANALYSIS**

The Court construes Logan's motion as having been filed under Rule 60(b). As the Court noted above, this provision allows the Court to grant relief from judgment because of mistake, inadvertence, surprise, or excusable neglect, newly discovered evidence, fraud, a void or satisfied judgment, or any other reason that justifies relief.

Initially, Logan filed this motion for reconsideration 292 days after the Court denied her motion for compassionate release. The Court determines this is within a reasonable time. Therefore, the Court will proceed to consider the merits of Logan's motion.

Logan asserts she has participated in more than 1,000 hours of rehabilitative programming while incarcerated. For support, Logan submits her inmate education data transcript, as well as numerous certificates of completion.

The government contends Logan's motion merely seeks to rehash arguments the Court has already considered, addressed, and rejected. And, in any event, the government maintains Logan has neglected to establish a viable basis for reconsideration under Rule 60(b).

Logan has failed to allege she is entitled to relief because of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or a void or satisfied judgment. Logan thus appears to contend her rehabilitative efforts constitute "any other reason that justifies relief" under Rule 60(b)(6). The Court, however, is unconvinced.

In denying Logan's motion for compassionate release, the Court considered her completion of a GED program, drug and alcohol treatment courses, anger management, and trade classes, as well as her development of a ministry in which she crochets hats and blankets for cancer patients and babies. Although the Court commended Logan for her efforts toward rehabilitation, it nevertheless concluded such strides fail to constitute extraordinary and compelling reasons for a sentence reduction. *See* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason").

Since the Court entered its order, Logan has successfully completed education courses in painting, nutrition, and anatomy. She has also enrolled in ministry school. Again, the Court is pleased with Logan's efforts and encourages her to continue them. But, she has done no more than the Court hopes of every defendant. *Cf. id.* The Court, therefore, remains unpersuaded Logan has established extraordinary and compelling reasons warranting compassionate release.

Even assuming, however, Logan could satisfy this threshold, she has still failed to challenge the Court's evaluation of the applicable 18 U.S.C. § 3553(a) factors, which indicate her current sentence is sufficient but no longer than necessary to promote respect for the law, provide adequate deterrence, and reflect the seriousness of her offense. Accordingly, the Court will deny her motion.

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Logan's motion for reconsideration, ECF No. 1086, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 16th day of June 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis<br>
MARY GEIGER LEWIS<br>
UNITED STATES DISTRICT JUDGE